FRIEDMAN DUMAS & SPRINGWATER LLP
CECILY A. DUMAS (S.B. NO. 111449)
STEFANIE ELKINS (S.B. NO. 249839)
150 Spear Street, Suite 1600
San Francisco, CA 94105
Telephone Number: (415) 834-3800
Facsimile Number: (415) 834-1044

Attorneys for R. Todd Neilson,
Chapter 11 Trustee and Plaintiff in Intervention

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>CEDAR FUNDING, INC.,<br><br>  Debtor. | Case No. 08-52709 MM<br><br>Chapter 11<br><br>Adv. Proc. No. 08-05295 |
| BRUCE WEINGARTEN, *et al.*,<br><br>  Plaintiffs,<br><br>vs.<br><br>CAPITAL ALLIANCE ADVISORS, *et al.*,<br><br>  Defendants. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION FOR LEAVE TO WITHDRAW INTERVENTION**<br><br>Date:  February 18, 2010<br>Time:  2:00 p.m.<br>Place:  Courtroom 3070<br>  280 South First Street<br>  San Jose, California 95113<br><br>Judge: Hon. Marilyn Morgan |

Plaintiff-in-Intervention R. Todd Neilson, Chapter 11 Trustee for Cedar Funding, Inc. (the "Trustee") hereby submits his memorandum of points and authorities in support of his Motion for Leave to Withdraw Intervention, and respectfully submits as follows:

## I. SUMMARY OF RELIEF REQUESTED

In this lawsuit, plaintiffs Bruce Weingarten, Linda Miller, Jim Miller, Bert Baumer, Charles R. Smith, Jr., Isabelle C. Smith, Christine J. Garbo, Lisa Ponzio, Mal Bon Bauerschmidt and Selene Olms (collectively, "Plaintiffs") seek to declare void a subordination agreement entered into between debtor Cedar Funding, Inc. ("Debtor") and Capital Alliance Advisors, Inc. et al. ("Capital Alliance") on the basis that Capital Alliance is not entitled to priority as against Plaintiffs' interests in the subject note and deed of trust because it knew or should have known of Plaintiffs' interests.

Pursuant to the authority granted by the Court in its order dated December 16, 2009 [Docket No. 12], the Trustee intervened in the lawsuit on the basis that the estate also had an interest in the subject note and deed of trust that would be affected by the outcome of the action.

Similar issues were presented to the Court in another case filed by certain of the Debtor's investors. In *Moore v. Capital Alliance Advisors, et al.,* United States Bankruptcy Court for the Northern District of California, San Jose Division, Adversary Proceeding No. 08-05309 (the "*Moore* Action"), plaintiffs Melinda Moore, Garden of Memories Memorial Park, James Thorsen and Douglas Forzani sought to declare void a subordination agreement between the Debtor and Capital Alliance relating to another note and deed of trust. The Trustee was also granted leave to intervene in the *Moore* Action on the same basis [Docket No. 16].

On November 12, 2009, the Court heard argument on Capital Alliance's motion for summary judgment in the *Moore* action [Docket No. 45], and on December 9, 2009 the Court orally issued its ruling granting the motion. Following entry of the Judgment

[Docket 55], Capital Alliance filed a motion seeking an award of attorneys' fees against the Moore plaintiffs and the Trustee [Docket No. 60]. The fee motion is scheduled to be heard in this Court on February 25, 2010 at 1:00 p.m.

The Trustee believes that the similarity of the legal issues in this action and the Moore action relative to the Trustee's standing to pursue the claims poses a substantial risk of a ruling in favor of Capital Alliance in this case. Indeed, Capital Alliance has filed a motion for summary judgment [Docket No. 59], which is currently scheduled to be heard on January 21, 2010. The Trustee does not wish to incur possible exposure to an award of attorneys' fees against the estate, and accordingly requests leave to withdraw as plaintiff in intervention.

## II. ARGUMENT

### A. The Trustee's Withdrawal as Plaintiff in Intervention is Warranted Under Applicable Standards.

The courts have long held that an intervenor may voluntarily withdraw his or her intervention under the following circumstances: (1) where no affirmative relief is sought against him or her; (2) where no counterclaim has been interposed; or (3) where withdrawal will not otherwise materially prejudice the rights of the original parties. *See,* Corpus Juris Secundum, *Parties,* Vol. 67A, § 120, and collected cases. *See also, Stump v. Tipps*, 120 Cal App.2d 418, 261 P.2d 315 (1953); *Schaetzel v. City of Huron,* 6 S.D. 134, 60 N.W. 741 (1894).

All of the above criteria are met in this case. No counterclaims or other affirmative relief have been sought against the Trustee. Nothing about the withdrawal by the intervenor will prejudice the rights of the Plaintiffs or Capital Alliance, all of whom remain able and entitled to pursue their remedies.

### B. Withdrawal as Plaintiff in Intervention is in the Best Interests of the Estate.

The Trustee believes that it is in the best interests of the estate to withdraw as a party to the action. Declaration of R. Todd Neilson In Support of Motion for Leave to Withdraw as Plaintiff in Intervention ("Neilson Declaration"), ¶ 4. The Court has already

ruled in *Moore* that the Trustee lacks standing to on behalf of the investors to assert a claim to void the subordination. The Trustee does not believe that the issues to be determined in this action are sufficiently dissimilar to warrant the risk of an adverse ruling against the Trustee. Neilson Declaration, ¶ 4. The Trustee is mindful that Capital Alliance has already sought a fee award in *Moore*[1], and is likely to seek a similar award of its attorneys fees should it prevail in this case. In the Trustee's view, it is in the best interest of the estate to withdraw because remaining a party to the lawsuit may expose the estate to a fee award. On the other hand, withdrawal will not harm the estate, as the Trustee is not precluded from bringing such other affirmative claims against Capital Alliance that may be supported by the facts and the law. Neilson Declaration, ¶ 4.

## III. CONCLUSION

Wherefore, the Trustee prays for leave to withdraw as plaintiff in intervention in this action.

Dated: January 12, 2010            Respectfully submitted,

FRIEDMAN DUMAS & SPRINGWATER LLP

By: */s/ Cecily A. Dumas*
    Cecily A. Dumas (S.B. No. 111449)
    Attorneys for Plaintiff in Intervention
    R. Todd Neilson, Chapter 11 Trustee

---

[1] The Trustee contends that the Motion for Attorneys' Fees filed by Capital Alliance [Docket No. 60] is without merit, and that fees should not be awarded against the estate or against Plaintiffs, and intends to oppose the motion. The instant motion should not be construed as a waiver of the Trustee's right to contend that a fee award is not warranted.